IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MAURICE MAXWELL,                         )
                                         )
        Plaintiff,                       )
                                         )
VS.                                      )          No. 12-2049-JDT-tmp
                                         )
MICHAEL DONAHUE, ET AL.,                 )
                                         )
        Defendants.                      )

_____

ORDER DENYING PLAINTIFF'S REQUEST FOR REFUND

_____

On January 20, 2012, the *pro se* prisoner Plaintiff, Maurice Maxwell, filed a complaint

pursuant to *Bivens v. Six Unknown Unknown Named Agents of Fed. Bureau of Narcotics*, 403

U.S. 388 (1974), accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 &

2.) The Court issued an order on January 23, 2012, granting leave to proceed *in forma*

*pauperis* and assessing the $350 civil filing fee pursuant to the installment payment

provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF

No. 3.) On July 1, 2013, the Court dismissed the complaint *sua sponte* pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1); judgment was entered on July 8, 2013. (ECF Nos. 6

& 7.)

At the time the complaint in this case was filed, Maxwell was a pre-trial detainee at

the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee, facing criminal

charges in this Court. *See United States v. Maxwell*, No. 11-20224-STA-cgc (Aug. 9, 2013)

(guilty plea), *aff'd*, No. 13-6048 (6th Cir. June 16, 2014). During those proceedings, on July 5, 2012, U.S. District Judge S. Thomas Anderson ordered Maxwell to undergo a mental evaluation, for which it appears he was sent from the WTDF to the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). Before Maxwell was taken to FMC-Lexington, the Clerk received three installment payments from the WTDF toward the civil filing fee in this case, totaling $66.00.

Once the mental evaluation in the criminal proceeding was completed in October of 2012, Maxwell was transferred from FMC-Lexington back to the WTDF.[1] On October 15, 2012, the Clerk receipted a payment from the Federal Bureau of Prisons ("BOP") on Maxwell's behalf in the amount of $140.95. The words "Release - Treas. Chk" were printed on the check stub, and a copy of the order granting *in forma pauperis* and assessing the filing fee in this case was attached. A similar payment from the BOP was receipted on November 5, 2012, in the amount of $11.33. The Clerk applied both payments towards the outstanding balance of the civil filing fee. On August 26, 2013, the Clerk receipted another payment toward the filing fee from the WTDF, in the amount of $40.00.[2] No further installment payments have been received, and a balance of $91.72 remains outstanding.

---

[1] Maxwell was at the WTDF at the time of a hearing before Judge Anderson on January 26, 2013 (No. 11-20224, ECF No. 48), but at some time thereafter was transferred to Knox County, Tennessee, presumably for additional proceedings there. For the final sentencing hearing before Judge Anderson on August 9, 2013, Maxwell was brought back to this district on a writ of habeas corpus *ad testificandum* (*id.*, ECF No. 66).

[2] Maxwell remained at the WTDF until at least September 19, 2013. (*See* No. 11-20224, ECF No. 79 at 2-3 (*pro se* motion listing the WTDF as Maxwell's address).)

On April 15, 2015, the Clerk received a letter from Maxwell, who is currently incarcerated at the Medical Center for Federal Prisoners in Springfield, Illinois. Maxwell states he discovered that in October 2012, the BOP had paid his entire remaining inmate trust account balance to this Court because they did not know his whereabouts after his mental evaluation at FMC-Lexington was completed. He requests that those funds be returned to him.

Maxwell has cited no authority requiring a Court to refund § 1915(b) payments received from a prison, absent an actual overpayment, even if the payments were mistakenly remitted or miscalculated. As stated, a portion of the filing fee in this case remains unpaid, so there has been no overpayment. Under these circumstances, the Court declines to order a refund.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE